| | |
|---|---|
| 1 | McGREGOR W. SCOTT<br>United States Attorney |
| 2 | ROBERT J. ARTUZ<br>Special Assistant U.S. Attorney |
| 3 | KURT A. DIDIER<br>Assistant United States Attorney |
| 4 | 501 I Street, Suite 10-100<br>Sacramento, CA 95814 |
| 5 | Telephone: (916) 554-2700<br>Facsimile: (916) 554-2900 |




FILED
SEP 06 2018
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

TONI TERESI,
aka TONI DIXON,

    Defendant.

CASE NO. 2:18-CR-00150-MCE

STIPULATION RE RESTITUTION AND GARNISHMENT; JOINT MOTION AUTHORIZING THE DEPOSIT OF MONEY INTO THE COURT'S DEPOSIT FUND; AND [~~PROPOSED~~] ORDER THEREON

DATE: SEPTEMBER 6, 2018
TIME: 10:00 A.M.
COURT: Hon. MORRISON C. ENGLAND, JR.

    Plaintiff United States and Defendant Toni Teresi, aka Toni Dixon, (the Parties) have signed a plea agreement in this case. In the plea agreement, the Parties agree that the Defendant will pay the United States $247,236.50 in restitution; this stipulation and joint motion (the Stipulation and Joint Motion) sets forth the manner in which the Defendant will make restitution payments to fulfill her agreement. As set forth below, Defendant will pay $500.00 upon signing the plea agreement and then $500.00 per month beginning within fifteen (15) days following the filing of the Court's Order approving the Stipulation and Joint Motion and continuing thereafter until entry of a criminal judgment against here, whereupon, the Parties' stipulated garnishment will take effect.

    The Parties' also jointly move for an order directing the court clerk to accept Defendant's prejudgment payments, deposit them into the Court's Deposit Fund, and apply those payments to any

Court ordered criminal monetary penalties following sentencing.

This Stipulation and Joint Motion is based on the following grounds:

1. The Information in this case charges the Defendant with violation(s) of 18 U.S.C. § 641 – Theft of Government Property (Count One). Pursuant to the Parties' plea agreement, Defendant waived indictment, pleaded guilty to Count One, and agreed to pay a $100 special assessment and $247,236.50 in restitution.

2. Defendant shall make an initial payment of $500 to the clerk of court upon signing the plea agreement. Defendant shall deliver her $500 initial payment to her counsel, who will hold the payment until the time set forth in paragraph 3, below.

3. Within 15 days following the filing of the court order approving the Stipulation and Joint Motion, Defendant shall begin making $500 monthly payments until entry of a criminal judgment against her. Defendant or her counsel shall deliver the initial $500 payment and her first monthly payment to the clerk's office within the 15-day deadline time specified in this paragraph. Defendant's monthly payments are due to the clerk's office by the 30th day following the preceding month's payment.

4. Defendant's prejudgment payments shall remain in the Court's Deposit Fund pending adjudication of this case. Upon sentencing, the payments shall be applied towards the criminal monetary penalties in the order stated in the Schedule of Payments section of the Judgment in a Criminal Case. Defendant will not oppose the application of the payments towards the criminal monetary penalties entered against her.

5. Once a criminal judgment is entered against the Defendant, the payment method will switch to a third-party garnishment, terminating Defendant's direct payment obligation.

6. Defendant is currently receiving monthly pension benefits from two different sources: (1) Arthur Andersen LLP, administered via Metropolitan Life Insurance Co. under account number XXXXXXXX29 004 (Met Life pension); and (2) Ernst & Young LLP, administered via Alight Solutions BPS under account number XXXXXXX0010 (Alight Solutions pension). Defendant receives approximately $1,212 per month under the Arthur Andersen LLP pension and $304 per month under the Ernst & Young LLP pension. Defendant affirms that these pensions and her Social Security retirement

benefits are her sole retirement benefits, meaning she is neither receiving nor entitled to any other retirement benefits. Defendant stipulates to the garnishment of her retirement benefits as follows:

  A. First, that the Court may issue a writ of garnishment pursuant to 28 U.S.C. § 3205(c)(1) directing the Met Life and Alight Solutions pension garnishees (identified below) to withhold and retain twenty-five percent (25%) of Defendant's (in the name of Toni Dixon) monthly retirement benefits.

  B. Second, Defendant agrees that the accompanying order will become a final order of garnishment following entry of a criminal judgment against her. As stated in the accompanying order, the Court will direct Met Life and Alight Solutions to pay and deliver to the clerk of court 25% of Defendant's (in the name of Toni Dixon) monthly retirement benefit. CalPERS will make its payment to the clerk of court concurrently with its payment to Defendant.

  C. Defendant acknowledges and voluntarily waives the garnishment procedures set forth in 28 U.S.C. 3205, and the enforcement of judgment procedures stated elsewhere in the Federal Debt Collection Procedures Act, 28 U.S.C. §§ 3001, *et seq.*, which include the right to notice and a hearing (28 U.S.C. § 3202(a) and (d)), and to claim exemptions (28 U.S.C. §§ 3014 and 3202(b)).

  D. Concurrently with this Stipulation and Joint Motion, Defendant will complete, sign and deliver to the United States a designation or change of beneficiary form for each pension naming the clerk of court as the sole beneficiary of any remaining retirement benefit(s) under the account of Defendant (in the name Toni Dixon). Defendant agrees the United States may deliver the beneficiary form(s) to MetLife and Alight Solutions for processing and payment.

  E. Defendant agrees to complete, sign and provide the United States any documents necessary to implement the Parties' Stipulation and Joint Motion.

  F. Defendant will not request a benefit allowance increase nor redeem or seek the distribution of any Met Life or Alight Solutions funds unless she first seeks and obtains the Court's approval following notice to the United States.

7. Defendant warrants the proper garnishees for her retirement benefits are: (1) Metropolitan Life Insurance Co., MetLife R&S – GPAY, with a mailing address of PO Box 14710, Lexington, KY 40512-4710 and (2) Alight Solutions, Inactive DB Retirement Plan, with a mailing

address of PO Box 1495, Lincolnshire, Il 60069-1495.

8.     This Stipulation and Joint Motion does not preclude the United States from pursuing other enforcement actions against Defendant to recover any unpaid criminal monetary penalties.

9.     The Court shall retain jurisdiction to resolve matters through ancillary proceedings in the case, if necessary.

Respectfully submitted,

FOR THE UNITED STATES:

MCGREGOR W. SCOTT
United States Attorney

Dated: 9/6 2018        By:    /s/ Robert J. Artuz
                              ROBERT J. ARTUZ
                              Special Assistant U.S. Attorney
                              KURT A. DIDIER
                              Assistant United States Attorney

FOR THE DEFENDANT:

Dated: 9/6 2018        By:    _____
                              TONI TERESI aka TONI DIXON
                              Defendant

APPROVED AS TO FORM AND CONTENT:

Dated: 9/6 2018        By:    _____
                              LINDA ALLISON
                              Assistant Federal Defender
                              Attorney for Defendant

# ORDER

The Court, having reviewed the court files and the Parties' Stipulation re Restitution and Garnishment and Joint Motion Authorizing the Deposit of Money into the Court's Deposit Fund (the Stipulation and Joint Motion), and good cause appearing therefrom, herby APPROVES the Stipulation and Joint Motion. Accordingly, IT IS ORDERED that:

1. Defendant shall make an initial payment of $500.00 to the clerk of court upon signing the plea agreement. Defendant shall deliver her $500.00 initial payment to her counsel, who will hold the payment until the time set forth in paragraph 2, below.

2. Within 15 days following the filing of this Order, Defendant shall begin making $500.00 monthly payments to the clerk of court until entry of a criminal judgment against her. Defendant or her counsel shall deliver the initial $500.00 payment and her first monthly payment to the clerk's office within the 15-day deadline time specified in this paragraph. Defendant's monthly payments are due to the clerk's office by the 30th day following the preceding month's payment.

3. Defendant shall make her payments payable to the "Clerk of the Court" at the Office of the Clerk, United States District Court, Eastern District of California, 501 I Street, Suite 4-200, Sacramento, California 95814. Defendant shall also state the docket number (Case No.: 2:18-cr-00150-MCE) on the payment instrument and, if she desires a payment receipt, shall include a self-addressed, stamped envelope with the payment. Defendant's monthly payment obligation shall cease once a criminal judgment is entered against her.

4. The clerk of court shall deposit all prejudgment payments received from Defendant into the Court's Deposit Fund.

5. Defendant's prejudgment payments shall remain in the Court's Deposit Fund pending adjudication of this case. Upon sentencing, the payments shall be applied towards the criminal monetary penalties in the order stated in the Schedule of Payments section of the Judgment in a Criminal Case.

6. A writ of garnishment is issued against the following retirement pensions of Defendant Toni Teresi (in the name of Toni Dixon): (1) Arthur Andersen LLP, administered via Metropolitan Life Insurance Co. under account number XXXXXXXX29 004 (Met Life garnishee); and (2) Ernst & Young

1 | LLP, administered via Alight Solutions BPS under account number XXXXXXX0010 (Alight Solutions
2 | garnishee). The writ of garnishment shall take effect upon entry of a criminal judgment against the
3 | Defendant. The United States shall serve a copy of this Order within five days from its filing on the
4 | garnishees as follows: Met Life garnishee at PO Box 14710, Lexington, KY 40512-4710; Alight
5 | Solutions garnishee at PO Box 1495, Lincolnshire, Il 60069-1495; or at the locations specified by Met
6 | Life and Alight Solutions garnishees to handle legal process.

7. Upon its receipt of this Order, garnishees Met Life and Alight Solutions are directed to withhold and retain twenty-five percent (25%) from Defendant's monthly retirement benefit payments and pay this amount to the clerk of court as specified in paragraph 3, above. The garnishees' payment obligations shall terminate upon the earlier of: payment of the judgment in full; exhaustion of money in Defendant's retirement accounts available for garnishment; or further order of this Court.

8. The Court shall retain jurisdiction to resolve matters through ancillary proceedings in the case, if necessary.

IT IS SO ORDERED.

Dated: 9·6·18

HON. MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE